**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JACK W. BUTLER | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-01054-SDJ-AGD |
| | § | |
| OFFICER DAVID BOUCHER, et al. | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 7, 2026, the Report of the Magistrate Judge, (Dkt. #53), was entered containing proposed findings of fact and recommendation that Defendant State of Texas's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5) (Dkt. #12) be granted; Defendant John Newman's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) (Dkt. #13) be granted; the Lamar County Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #14) be granted; and Plaintiff's case be dismissed with prejudice. The Report further recommended that any request for relief not addressed by the Report be denied as moot.

On August 19, 2026, Plaintiff filed a Challenge of Jurisdiction and Demand That All Rulings, Opinions, or Other Determinations Made by Magistrate Judge Eileen [*sic*] Goldman Durett [*sic*] Be Stricken from the Records of This Case and Be

Deemed Void from Their Inception (Dkt. #54)[1] and Objection to Sua Sponte Dismissal, Objection to Judicial Interference, and a Demand for Recusal (Dkt. #55), both of which the Court construes as objections to the Report. Plaintiff has also made additional filings, (Dkt. #56; Dkt. #57), which the Court construes as additional objections to the Report. The Court has conducted a de novo review of Plaintiff's objections to the Report (Dkt. #54; Dkt. #55; Dkt. #56; Dkt. #57). Having done so, the Court is of the opinion that the findings of the Magistrate Judge are correct and adopts the Magistrate Judge's Report as the findings of the Court.

It is therefore **ORDERED** that Defendant State of Texas's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5) (Dkt. #12) is **GRANTED**; Defendant John Newman's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) (Dkt. #13) is **GRANTED**; the Lamar County Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #14) is **GRANTED**; and Plaintiff's case is **DISMISSED WITH PREJUDICE**.

It is finally **ORDERED** that any relief not previously granted is **DENIED**.

**So ORDERED and SIGNED this 28th day of August, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

[1] Plaintiff conflates the difference between consent, referral, and assignment under 28 U.S.C. § 636. For clarification, the Court invites Plaintiff to review United States Magistrate Judge Aileen Goldman Durrett's Order entered on April 12, 2026 (Dkt. #44) and 28 U.S.C. § 636.